# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **PENELOPE G. DUCAN,** | ) | **CASE NO. 1:06 CV 1629** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **UNITED STATES ARMY,** | ) | **AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J**.:

On July 6, 2006, plaintiff pro se Penelope G. Duncan filed this action against the United States Army. In the complaint, Ms. Duncan alleges that the Army stole her identity. She seeks one trillion dollars in damages. Ms. Duncan has also filed an Application to Proceed In Forma Pauperis. That Application is granted.

## *Background*

Ms. Duncan's complaint states in its entirety:

United States Army is committing identity fraud. Someone else is using my social security number, one of them. I believe I have two social security numbers because of who I have discovered that I am - EAGLES CLAW. EAGLES CLAW Code Name given at birth. S.A.M.M.S. (Special Anti-Military Mechanism System). When they

stole the name, they also took my intelligence too. My intelligence

is S.A.M.M.S.

### *Analysis*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to §1915(e).

Principles requiring generous construction of pro se pleadings are not without limits. See Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. See Schied v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 437 (6th Cir. 1988). "When the facts alleged rise to the level of the irrational or wholly incredible," dismissal under 28 U.S.C. § 1915(e) is appropriate. Denton v. Hernandez, 504 U.S. 25 (1992). Given the most liberal construction, the instant Complaint contains no allegation reasonably suggesting Plaintiff might

---

[1] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

have a valid federal claim.

## *Conclusion*

Accordingly, Ms. Duncan's Application to Proceed In Forma Pauperis is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

**IT IS SO ORDERED**.

**DATE: September 13, 2006**

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE**

---

[2]   28 U.S.C. § 1915(a)(3) provides:

>An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.